UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

FREDERICK H. SMITH,

    Plaintiff,

v.

HENNEPIN COUNTY ATTYS, JUDGE
DIANA EAGON, ET AL, STATES PUBLIC
DEFENDERS OFFICE, ET AL, MARK
WALZ, ADULT SUPERVISION ECT,
JOAN FABIAN, Commissioner of DOC,
JEFFREY L. PETERSON, E.C.T. Warden
CHRIS, and Warden LYNN DINGLE, ETC.

    Defendants.

Civil No. 06-5120 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a former state prison inmate,[1] commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) He claims that his federal constitutional rights were somehow violated as a result of, or during the course of, his past incarceration at the Minnesota Correctional Facility at Stillwater, Minnesota, ("MCF-STW"). The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the Court

---

[1] According to a website maintained by the Minnesota Department of Corrections, Plaintiff has been released from prison and presently is on supervised release status.

[2] Plaintiff did not tender the statutory filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Plaintiff was in prison when he commenced this action, he was ordered to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1). (See Order dated January 3, 2007; [Docket No. 3].) Plaintiff did not pay that fee on time, so the Court recommended that this action be summarily dismissed for lack of prosecution. (See Report and Recommendation dated February 2, 2007; [Docket No. 4].) Plaintiff objected to that recommendation, (Docket No.

finds that Plaintiff's complaint fails to state a claim on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A(b).

## I. BACKGROUND

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I'm still locked up here in prison had 180 days was given another 120 days for same violation. The Defendants not only knew that they were violating the Laws of the US and the Plaintiffs rights but they were in concert with each other in doing so. Punishing Plaintiffs without due process and in violation of the double jeopardy clause to the US Const."

(Complaint, [Docket No. 1], p. 3, § IV.)

Plaintiff is attempting to sue a state court judge, a state prosecutor, the state public defender's office, and various state prison officials. He describes the relief he is seeking in this action as follows:

> "Asking to be let go from prison ASAP and compensated for the time spent over the 180 day set by DOC at first hearing."

(Id.)

The complaint provides no other information about the factual or legal bases for Plaintiff's lawsuit.

---

5), and the District Court Judge then gave him one final opportunity to pay his initial partial filing fee. (See Order dated March 23, 2007; [Docket No. 6].) Thereafter, Plaintiff did pay the prescribed fee, so the District Court Judge declined to adopt the prior Report and Recommendation, and referred the case back to this Court for further proceedings. (See Order dated August 2, 2007; [Docket No. 8].) Thus, the matter is properly before the Court at this time for final consideration of Plaintiff's IFP application, and for initial screening pursuant to 28 U.S.C. § 1915A.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government officials, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities, officers or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff has failed to plead any claim on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has failed to plead any cause of action on which relief can be granted, and that his action must therefore be dismissed pursuant to § 1915A(b).

### A. Inadequate Factual Allegations

The most obvious defect in Plaintiff's complaint is that it does not include sufficient factual allegations to state an actionable claim. To state a cause of action under 42 U.S.C. § 1983, as Plaintiff purportedly is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is

to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).  In other words, civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful conduct by any of the named Defendants.  There are no factual allegations showing what, specifically, any of the individual Defendants is accused of having done (or failed to do) that allegedly violated Plaintiff's constitutional rights.  The brief conclusory accusations set forth in the complaint are not sufficient to state an actionable § 1983 claim against any of the Defendants.

B.  Claims Are Barred By Heck v. Humphrey

Even if Plaintiff had alleged some facts showing that his constitutional rights were somehow violated in connection with his confinement at MCF-STW, his present civil rights action would be barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S.

477 (1994). In <u>Heck</u>, the Court reaffirmed that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who is challenging the validity of his confinement. <u>Id</u>. at 481, citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973).

Even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>."

<u>Id</u>. at 486-87 (footnote omitted; emphasis added); <u>see</u> <u>also</u>, <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996) ("<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

Here, Plaintiff has specifically requested a judgment that would cause him to be "let go from prison ASAP," and compensate him for his allegedly wrongful confinement beyond his proper release date. A judgment in Plaintiff's favor on his current civil rights claims would necessarily mean that he was wrongly detained at MCF-STW beyond his proper

release date. According to <u>Heck</u>, however, a civil rights claim based on the alleged unconstitutionality of the claimant's confinement cannot be brought in federal court, unless the claimant has first successfully challenged the validity of his confinement <u>in a proper forum</u> – i.e., a state or federal post-conviction proceeding. Because that pre-condition has not been satisfied here, this action would be barred by <u>Heck</u>, even if Plaintiff had pleaded sufficient facts to otherwise state an actionable § 1983 claim.[3]

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated a viable claim in his complaint, his application for leave to proceed IFP, (<u>see</u> n. 2, <u>supra</u>), must be denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee.[4] To date, he has

---

[3] The Court has considered whether Plaintiff's current pleading could somehow be converted to a habeas corpus petition and entertained as such. That cannot be done, however, because it does not appear that Plaintiff has exhausted his state court remedies with regard to any of his current claims for relief. <u>See</u> 28 U.S.C. § 2254(b) (state prisoners must exhaust state court remedies before seeking federal habeas corpus relief).

[4] Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

paid only $2.70, so he still owes the full $347.30. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).[3] Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $347.30, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: August  9, 2007

                                                             s/ *Franklin L. Noel*
                                                             FRANKLIN L. NOEL
                                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 28, 2007**, written objections which specifically identify the portions of the proposed findings or

---

[3] As previously noted, (see n. 1, supra), it appears that Plaintiff is currently on supervised release status. Therefore, Minnesota prison officials presumably will not be able to deduct any funds from his trust account, unless his supervised release status is revoked and he returns to prison.

recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.